# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv473-3-R
# [1:07cr32]

| | |
|---|---|
| DARIAN KENDELL ROBINSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATED OF AMERICA, )<br>)<br>Respondent.) | ORDER |

**THIS MATTER** comes before the Court on the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 1].

The Court has considered the Motion to Vacate and the record of prior proceedings and has determined that the United States Attorney should file an answer. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The Petitioner claims, among other things, that his counsel was ineffective for incorrectly assuming he was a career offender based on the convictions listed in the Presentence Report ("PSR") and for not investigating the underlying offenses. Specifically, the Petitioner contends that one of his prior felony convictions was for "possession within 1000 feet of a school zone" and not "possession with intent to distribute cocaine" within 1000

feet of a school as indicated in the PSR. The Petitioner also contends that Amendment 709 to the Sentencing Guidelines applies to his case. See, U.S.S.G. App. C, Supp. 2007, Amend. 709 (revising U.S.S.G. §4A1.2(a)(2)). The Petitioner claims that he is "actually innocent of being a career offender." [Doc. 1, at 7, 10].

The Court directs counsel for the Government to respond to each of the Petitioner's claims. While this Court is aware that the Fourth Circuit addressed the Petitioner's status as a career offender in his direct appeal, the claims considered by the Fourth Circuit were different from those contained in this Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that on or before forty (40) days from entry of this Order, the United States Attorney shall file an answer to Petitioner's Motion to Vacate.

Signed: January 6, 2010

Martin Reidinger
United States District Judge