**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**Civil Case No. 1:09cv473-3
[Criminal Case No. 1:07cr32]**

DARIAN KENDELL ROBINSON,     )
                                          )

     Petitioner,             )
                                          )

        v.                   )       **O R D E R**
                                          )

UNITED STATES OF AMERICA     )
                                          )

     Respondent.           )
_____)

     **THIS MATTER** is before the Court on the Respondent's Motion for
Summary Judgment [Doc. 8].

     The Court has conducted a careful review of the Respondent's motion
and finds that the Respondent may be entitled to a judgment as a matter of
law.  In view of the Petitioner's *pro se* status, the Court therefore provides
notice to him, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),
of the heavy burden that he carries in responding to Respondent's Motion.

     The Federal Rules of Civil Procedure provide:

When a motion for summary judgment is properly made and
supported, an opposing party may not rely merely on allegations
or denials in its own pleading; rather, its response must – by
affidavits or as otherwise provided in this rule – set out specific

facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

This language means that if the Petitioner has any evidence to offer to show that there is a genuine issue for resolution, he must now present it to this Court in a form which would otherwise be admissible at trial; that is, in the form of affidavits or unsworn declarations.  An affidavit is a written statement sworn to before a notary public, and "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(e)(1).   An unsworn statement, made and signed under the penalty of perjury, also may be submitted.

Affidavits or unsworn statements must be presented by the Petitioner to this Court within thirty (30) days of the entry of this Order.  Pursuant to Rule 56(e)(2), the Petitioner's failure to respond may result in the granting of the Respondent's Motion for Summary Judgment; that is, in the dismissal of this Motion to Vacate with prejudice.

**IT IS, THEREFORE, ORDERED** that on or before thirty (30) days from the entry of this Order, the Petitioner may file response, including any evidence, to the Respondent's Motion for Summary Judgment.

Signed: June 5, 2010

Martin Reidinger
United States District Judge